## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| RUTHIE M. BOSTICK Individually, as Wife and Next of Kin of ROBERT S. BOSTICK, Deceased, and on behalf of his estate, <br><br> Plaintiffs, <br><br> v. <br><br> LONNIE TALLEY and CARGO CARE, INC., <br><br> Defendants. | Docket No. _____ <br> Division No. _____ <br> **Jury Demanded** |

## COMPLAINT

Plaintiff Ruthie M. Bostick, Individually, as Wife and Next of Kin of husband, Robert S. Bostick, deceased, and on behalf of his estate, ("Plaintiff"), by and through counsel, files this Complaint against Defendants Lonnie Talley ("Defendant") and Cargo Care, Inc. ("Defendant CCI") for personal injuries and damages, as follows:

### PARTIES

1. Plaintiff is an adult resident of Memphis, Shelby County, Tennessee, and files this action as the wife and next of kin of Robert Bostick. Plaintiff may be served process at 3481 Dawn Ridge Drive, Memphis, Tennessee 38118.

2. Robert Bostick's cause of action survives his death pursuant to Tenn. Code Ann. § 20-5-102. Ruthie M. Bostick has standing to bring this action on Robert Bostick's behalf pursuant to Tenn. Code Ann. § 20-5-106.

3. Defendant Lonnie Talley is an adult resident of El Paso, El Paso County, Texas and may be served process at 3004 Frutas Avenue, Apt. 4, El Paso, Texas 79905.

4. Defendant CCI is privatized commercial vehicle company located in El Paso, El Paso County, TX, and their representative may be served process at 300 N. Zaragoza Road, El Paso, Texas 79907.

## JURISDICTION AND VENUE

5. Plaintiff brings this cause of action on behalf of her husband, Robert Bostick, pursuant to Tenn. R. Civ. Proc. 17.01, as the administratrix of Robert Bostick's estate.

6. This cause of action arises in tort as a result of the death of her husband, Robert Bostick, from injuries incurred from a motor vehicle collision that occurred in Shelby County, Tennessee on or about May 12, 2021.

7. Venue is properly situated in Shelby County pursuant to TENN. CODE ANN. § 20-4-101(a).

8. The incident that gives rise to this suit occurred on May 12, 2021; thus this suit is timely filed.

9. Furthermore, Robert Bostick is deceased, and this suit is timely filed pursuant to Tenn. Code Ann. § 20-5-106.

10. This Court's exercise of personal jurisdiction over Defendant is proper pursuant to TENN. CODE ANN. § 20-2-223.

11. As a court of general jurisdiction, this Court has subject matter jurisdiction pursuant to TENN. CODE ANN. § 16-10-101.

## STATEMENT OF FACTS

12. Plaintiff incorporates by reference all allegations contained elsewhere in this Complaint.

13. East Shelby Drive in Memphis, Tennessee is a six lane road that travels east and west, with three eastbound lanes and three westbound lanes, separated by a center turn lane.

14. Boeingshire Drive in Memphis, Tennessee travels north and south, and intersects East Shelby Dr.

15. A traffic light at the intersection of East Shelby Drive and Boeingshire Drive directs vehicles to adhere to all traffic signals.

16. On the afternoon of May 12, 2021, Plaintiff was traveling southbound on Boeingshire Drive.

17. Defendant, driving west on East Shelby Drive, ran a red light at the intersection of East Shelby Drive and Boeingshire Drive.

18. Plaintiff, driving southbound on Boeingshire Drive, attempted to make a left turn onto East Shelby Drive and was struck by Defendant.

19. Police cited Defendant for disregarding a red light.

20. Plaintiff's vehicle, rendered undrivable from extensive damage, was towed away.

21. As a direct and proximate result of Defendant's actions, Plaintiff sustained physical injuries and property damage described below. Robert Bostick suffered severe, painful and permanent injuries and damages, which ultimately resulted in his death on May 23, 2021.

## CAUSES OF ACTION

### Count I – Negligence

22. Plaintiff incorporates by reference all allegations contained elsewhere in this Complaint.

23. At all relevant times, Defendant owed a duty to Plaintiff, as a fellow driver, to operate his vehicle, safely, and within the bounds of the law, including a duty to exercise reasonable care.

24. Defendant breached that duty when, travelling westbound on East Shelby Drive, he did not obey the traffic light and drove west across southbound traffic on Boeingshire Drive.

25. Defendant's failure to obey the traffic light constituted a failure to use the degree of care and caution required of a reasonable and prudent person under the same or similar circumstances.

26. Defendant's failure to stop and yield caused the Defendant's collision with Plaintiff's vehicle.

27. As a direct and proximate result of Defendant's breach of duty, Plaintiff suffered property damage and physical injuries. Robert Bostick suffered severe, painful and permanent injuries and damages, which ultimately resulted in his death on May 23, 2021.

## Count II -- Negligence *Per Se*

28. Plaintiff incorporates by reference all allegations contained elsewhere in this Complaint.

29. Defendant violated the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the collision:

    (a) TENN. CODE ANN. § 55-8-103. Crimes and Offenses;
    (b) TENN. CODE ANN. § 55-8-109. Traffic Control Devices; obedience;
    (c) TENN. CODE ANN. § 55-8-136. Due Care; and
    (d) TENN. CODE ANN. § 55-10-205. Reckless Driving.

30. As a fellow driver, Plaintiff was within the class of persons the statutes, which Defendant violated, were intended to protect.

31. Defendant violated the following ordinances of the City of Memphis, which were in full force and effect at the time and place of the collision:

    (a) MEMPHIS, TENNESSEE, MUNICIPAL CODE § 11-16-2. Duty to Devote Full Time and Attention to Operating Vehicle;

    (b) MEMPHIS, TENNESSEE, MUNICIPAL CODE § 11-16-3. Duty to Drive at Safe Speed, Maintain Lookout, and Keep Vehicle Under Control;

    (c) MEMPHIS, TENNESSEE, MUNICIPAL CODE § 11-16-26. Stop Intersections;

    (d) MEMPHIS, TENNESSEE, MUNICIPAL CODE § 11-16-32. Reckless Driving.

32. As a fellow driver, Plaintiff was within the class of persons the municipal ordinances, which Defendant violated, were intended to protect.

33. As a direct and proximate result of Defendant's violations of one or more of the above-listed statutes and ordinances, Plaintiff suffered property damage and physical injuries. Robert Bostick suffered severe, painful and permanent injuries and damages, which ultimately resulted in his death on May 23, 2021.

### Count III – Negligent Hiring, Training, and Supervision

34. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

35. Upon information and belief, Defendant CCI knew or, in the exercise of due diligence and reasonable inquiry, should have known of Defendant Talley's propensity to drive in an unlawful, negligent, and/or reckless manner.

36. Defendant CCI violated the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages:

    (a)    Negligent hiring of Defendant Talley;
    (b)    Negligent training of Defendant Talley;
    (c)    Negligent supervision of Defendant Talley; and
    (d)    Other acts and/or omissions to be shown at the trial of this cause.

## INJURIES AND DAMAGES

37. Plaintiff incorporates by reference all prior allegations contained elsewhere in this Complaint.

38. As a direct and proximate result of Defendant's above-described breaches of duties, violations of the common law, city ordinances, and state statutes, Plaintiff sustained injuries and damages, including but not limited to:

    (a)    serious and painful physical injuries;

    (b)    severe, painful and permanent injuries and damages, which ultimately resulted in death

    (c)    past, present, and future physical and emotional pain and suffering;

    (d)    past, present, and future mental anguish and emotional distress;

    (e)    temporary and permanent impairment and disability;

    (f)    past, present, and future reasonable and necessary medical expenses;

    (g)    certain other reasonable and necessary healthcare expenses, prescription expenses, certain transportation expenses to and from healthcare providers, and other out-of-pocket expenses, the nature and amount of which is yet to be determined;

    (h)    past, present, and future loss of quality and enjoyment of the normal pleasures of life;

    (i)    property damage;

    (j)    inconvenience;

    (k)    past, present, and future lost wages;

    (l)    loss of future earning capacity; and

    (m)    other damages to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs sues Defendants and demands judgment in the total sum of **$2,000,000** for a jury to try all issues of fact in the cause; and for general relief.

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

*(signature)*

**James R. Davis, Jr.** (TN Bar #037113)
**Raven Chandler** (TN Bar #038975)
*Attorneys for Plaintiffs*
1991 Corporate Avenue, Suite 310
Memphis, Tennessee 38132
Tel:   (901) 417-7166
Fax:   (901) 328-1352
Email: james.davis@beyourvoice.com
         raven.chism@beyourvoice.com